# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **CHERISE WITHERSPOON** | : |
| 2303 KENTUCKY AVENUE, SE | : |
| WASHINGTON, DC 20003 | : |
| **PLAINTIFF** | : |
| | : |
| V | : |
| | : |
| **THE DISTRICT OF COLUMBIA** | : |
| A MUNICIPAL CORPORTION | : |
| 441 4TH STREET, NW | : |
| WASHINGTON, DC 20001 | : |
| **DEFENDANT** | : |

## COMPLAINT

COMES now Plaintiff by and through counsel and hereby files the complaint as follows:

1. Jurisdiction is based on Title VII of the Civil Rights Act of 1964, The American Disability Act., DC Code 1-615.51 and Retaliation

2. The plaintiff is an adult resident of the District of Columbia, United States citizen and is located and situated at 2303 Kentucky Avenue, Se Washington DC 20003.

3. The defendant is doing business in the District of Columbia as a municipal corporation at all times relevant thereto and has a Public School system with over 10,000 employees.

4. The defendant is responsible for the conduct of its employees under the doctrine of respondent superior. The defendant has the ability to control the employees conduct and did control said conduct.

5. The plaintiff was employed with the District of Columbia Public Schools at all times relevant thereto as

As a business manager at Anacostia Senior High School. As the business manager, the plaintiff was responsible for completing the time sheets for payroll, managing the school finances, and collecting funds from contractors, and for rental of the school and its football field.  Under the defendant's rules and procedures, the plaintiff is only allowed to include the hours of employees or contractors that they worked. An employee can't be paid for hours that they did not work or file claims for payment for hours that they did not work such conduct is illegal. The plaintiff has been employed with the defendant since 2006 and has always received outstanding and good impact scores and evaluations.

6. The plaintiff's immediate supervisor is Lloyd Bryant who was the principal at the school.  On or about January 2015, Mr. Bryant requested that the plaintiff submit 80 hours on the times sheets for Earnest Franklin an employee for the defendant. Although, Mr. Franklin never worked those hours. In fact, Mr. Bryant requested that the plaintiff submit an 80 hour time sheet for Mr. Franklin on several occasions thereafter. The plaintiff informed Mr. Bryant that she did not feel comfortable doing this as it was illegal. Mr. Bryant told her to do it or otherwise she would be fired.  On January 2015, the plaintiff was under a disability. The disability included thoracic outlet syndrome which causes extreme and chronic pain in the neck, shoulders and arms and hands. It also caused pain, swelling and tingling of the hands. Mr. Bryant was well aware that the plaintiff was under doctor's care and on intermediate FLMA as it was documented.  The plaintiff was qualitied to do her job at all times hereto.

7. On or about April 2015, the plaintiff sent an email to the defendant's head of compliance Conchita Hudson-Hall regarding Mr. Bryant requesting her to submit false time and the ADA and Civil rights violations. Ms. Hall told the plaintiff to simply make a record of it. However, the defendant too no actions about Mr. Bryant's conduct.

8. Immediately, thereafter Mr. Bryant began retaliating against the plaintiff. First, he gave her a low impact rating. Impact rating are essential for DCPS employees, as if you get low rating, it can affect your continued employment with DCPS and it goes into your file. Prior to complaining about the ADA, discrimination and the illegal conduct, the plaintiff had good evaluation and impact scores from Mr. Bryant and the defendant. Notwithstanding the same, Mr. Bryant kept calling the plaintiff telling her that she needed to meet with him at the school to talk about her schedule for the school year. He knew that she was off from work because of her disability and could not make it to work every day. He sent her an email In April and May 2015 telling her that he needed to meet with her and it he copied the email to the plaintiff's coworkers and support staff who were not the plaintiff's supervisors. Mr. Bryant knew that the plaintiff was out of the office on FLMA and under a disability. On each occasions that he would tell her that she had to meet with him at the school, he knew that she would have difficulties sitting and walking because of her chronic pain and swelling. He also knew that her hand were often swollen. However, Mr. Bryant did not make any accommodations to the plaintiff to assist her in being able to effective do her work with her illness. Although, she had requested the same and he knew about her illness. There was no legitimate business reason for not accommodating the plaintiff with computer equipment to help her with inputting information without pain and special arrangements for her inability to walk, and stand for long periods. Mr. Bryant singled the plaintiff out because of her illness and in retaliation for her complaint to his superiors about his conduct.

9. The plaintiff filed an EEO claim in August 2015. Shortly, thereafter she was removed from her office and placed into an office with six people, two desk and two computers. As the plaintiff did the payroll for the defendant, the information was confidential. Thus, it was impossible for her to effectively complete her job. Mr. Bryant had the security in the building follow her around and report to him when she left and entered the building. He would make negative comments about her not coming to work in front of other employees, such as you are never here or glad you finally got to work. Although, he knew she was out on

FLMA. He knew or should have known that this conduct was harmful to the plaintiff. It was not done for a legitimate business reason. It is down solely of the purpose of harming the plaintiff

Mr. Bryant added to new positions namely, a Coordinator of Strategies to his budget in 2016. The job descriptions for these positions are identical to the job description of the business manager position that the plaintiff had. On May 15, 2015, the plaintiff was given a Rif letter from the defendant telling her position was being abolished.

10. The plaintiff filed her EEO claim in. However, the agency failed to process her complaint. It was not processed until plaintiff hired counsel who spoke with the EEO office and they processed the claim. The plaintiff was provided her rights to sue letter on May 9, 2018.  In addition, the plaintiff filed a complaint with the office of employee appeals based on her Rif. That matter has now concluded.

11. The plaintiff filed a grievance in July 2015 and August 7, 2015 based on the whistle blowing, and the other conduct of Mr. Bryant. The defendant has never processed the grievances. In fact, the plaintiff contacted the defendant in 2018 on several occasions about her grievances. She was last told that they do not know what happened to them.

12. The defendant investigated Mr. Bryant for the alleged violations of false claims of time sheets. The plaintiff gave essential testimony to the investigators upon information and belief, Mr. Bryant was found guilty of the clams. However, the defendant did not prosecute him upon information and belief they just did not renew his contract.

13. Because of the plaintiff's complaints about the ADA violations and discrimination, retaliation, she received a low impact rating, it has been difficult for her to obtain employment.  In addition, the defendant knew or should have known that the conduct by the defendant. Said conduct did in fact cause said harm. Because of the same, the plaintiff suffered with depression, insomnia, headaches. The plaintiff is therefore damaged in the amount of six millions dollars, plus cost and attorney fees. The defendants conduct was the proximate cause of the plaintiff's harm.

Wherefore the following the plaintiff seeks damages in the maunt of six millions dollars, plus cost and attorney fees and any and all other relief deemed proper by this Court.

**Respectfully Submitted,**

**/s/Clarissa Thomas Edwards**
**Clarissa Thomas Edwards #434607**
**CTEDWARDS, P.C.**
**840 First Street, NE**
3rd floor
**WASHINGTON, DC 20019**
**(202)248-5020**
**Email:clarissatedwards@ctedwardspc.com**